WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-17-01025-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Abelardo Hurtado Vazquez, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for default judgment. (Doc. 19). The Clerk of the Court entered default against Defendant Ringside Pub and Grill LLC on July 3, 2017 and against Defendant Abelardo Hurtado Vazquez on August 15, 2017. (Docs. 14 and 18).

**I.  Background**

This case arises from Defendants showing a pay-per-view fight in Defendants' commercial establishment without paying for the fight. (Doc. 19 at 2-3). Plaintiff owned the rights to the fight in question. (Doc. 19 at 2).

**II.  Governing Law**

Another Court in this District has analyzed a motion for default in another case filed by this same Plaintiff as follows:

> Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim,

(3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir.1977).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Plaintiff served process on Defendants on April 14, 2015. Docs. 13, 14. Defendants have not answered the complaint or otherwise appeared in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of Plaintiff s Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See PepsioCo, Inc.,* 238 F.Supp.2d at 1175. Plaintiff seeks relief under 47 U.S.C. § 605.[1] "[T]o be held liable for a violation of section 605, a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV,* 644 F.2d 820, 826 (9th Cir.1981). Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb,* 545 F.3d 837, 844 (9th Cir. 2008). Plaintiff has alleged that Defendants willfully intercepted and displayed the licensed program on March 8, 2014. Doc. 1, ¶¶ 15–21. Plaintiff's allegations are supported by the affidavits of two investigators who visited La Rubia y La Morena and saw the program being displayed on television screens. Doc. 18–3. One of these investigators noted that approximately forty patrons were watching the program on four television screens. *Id.* at 7. Plaintiff has stated a claim for a willful violation of section 605. [footnote omitted] The second and third factors favor a default judgment.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. Plaintiff seeks damages of $[60,000]. [citation omitted]

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo, Inc.,* 238 F.Supp.2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff properly served Defendants with the summons and complaint. Docs. 13, 14. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default [were] the result of excusable neglect." *Gemmel v. Systemhouse, Inc.,* No. CIV 04–187–TUC–CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo,*

*Inc.,* 238 F.Supp.2d at 1177 (quotation marks and citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel,* 2008 WL 65604, at *5.

**G. Conclusion**

Six of the seven *Eitel* factors favor default judgment, and one factor is neutral. The Court concludes that default judgment is appropriate.

*J & J Sports Prods., Inc. v. Molina*, No. CV15-0380 PHX DGC, 2015 WL 4396476, at *1–2 (D. Ariz. July 17, 2015).

In this case, this Court find the application of the *Eitel* factors to be identical to the case quoted above, and the Court adopts that reasoning as its own for this case.

## III. Damages

Plaintiff seeks statutory damages in the amount of $10,000 and enhanced damages in the amount of $50,000. (Doc. 19-1 at 7).

### A. Statutory Damages

Statutory damages are appropriate when actual damages cannot be easily proven. *J & J Sports Prods., Inc. v. Canedo*, No. C 09–01488 PJH, 2009 WL 4572740, *5 (N.D. Cal. 2009). "An award of damages should deter future conduct but not destroy the business." *Kingvision Pay—Per—View v. Lake Alice Bar*, 168 F.3d 347, 360 (9th Cir. 2009).

As this Court has previously stated,

"[T]o be held liable for a violation of [47 U.S.C. § 605], a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV,* 644 F.2d 820, 826 (9th Cir.1981). Section 605 applies to satellite television signals. [footnote omitted]. *DirecTV, Inc. v. Webb,* 545 F.3d 837, 844 (9th Cir.2008). The statute states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute further provides that for any violation that "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii).

*J & J Sports Prods., Inc. v. Barrio Fiesta of Manila Rest. LLC*, No. CV 11-2216-PHX-JAT, 2012 WL 2919599, at *1 (D. Ariz. July 17, 2012).

By defaulting, Defendants have admitted to the allegations in the complaint. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). However, allegations as to damages must be proven. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff attaches evidence to the motion indicating the cost to lawfully show the fight would have been $2,000. (Doc. 19-13 at 20). Plaintiff also argues that in assessing damages, deterrence should be a factor. (Doc. 19-1 at 13-14). The Court finds that awarding damages in the amount of twice what Defendants would have had to pay to for the fight accomplishes the deterrence goal. Thus, the Court will award $4,000 in statutory damages.

### B. Enhanced Damages

> "Enhanced damages are awarded upon a showing that defendant acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain. Under § 605(e)(3)(C)(ii), the court may award up to $100,000...." *Miramontes,* 2011 WL 892350, *2. In deciding whether to award enhanced damages,
>> Courts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices. *See Kingvision Pay–Per–View v. Gutierrez,* 544 F.Supp.2d 1179, 1185 (D. Colo. 2008). Some courts find the mere unauthorized showing of a program sufficient to award enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit. *See Entertainment By J & J, Inc. v. Al–Waha Enter., Inc.,* 219 F.Supp.2d 769, 776 (S.D. Tex. 2002).
>
> *Id.*

*J & J Sports Prods., Inc. v. Rubio*, No. CV 12-900-PHX-JAT, 2013 WL 950031, at *1–2 (D. Ariz. Mar. 11, 2013).

Here, Plaintiff provided evidence that Defendants charged a cover charge of $5/person. (Doc. 19-4 at 1). Plaintiff argues that Defendants committed repeat violations, but the Court could not locate any evidence to support this argument. (Doc. 19-1 at 17). Plaintiff submitted evidence that there were a maximum of 58 patrons for

- 4 -

the main event, and a maximum of 36 patrons for the undercard. (Doc. 19-4 at 2; Doc. 19-9 at 2). There is no evidence that Defendants charged premium prices for menu items. Thus, using the highest patron number, Defendants made $290.00 for showing the fight.

The Court finds that Plaintiff has shown that Defendant acted willfully and for commercial advantage entitling Plaintiff to enhanced damages. However, the Court finds Plaintiff's requested $50,000 to be excessive given that Defendants profited only $290.00. Here, the Court finds that $10,000 in enhanced damages seems adequate given how few factors weigh in favor of enhanced damages.

## V. Conclusion

Thus, the Court will award $4,000.00 in statutory damages, and $10,000.00 in enhanced damages, for a total of $14,000.00. As Plaintiff requested (Doc. 19-1 at 18), Plaintiff may move for attorney's fees and costs within the time set by the Rules. As a result of the forgoing,

**IT IS ORDERED** that the motion for default judgment (Doc. 19) is granted. The Clerk of the Court shall enter judgment in favor of Plaintiff and against the Defendants (Abelardo Hurtado Vazquez and Ringside Pub and Grub LLC, jointly and severally) in the amount of $14,000.00.[1]

Dated this 8th day of November, 2017.

James A. Teilborg
Senior United States District Judge

---

[1] Although the complaint in this case has two counts, in the motion for default judgment, Plaintiff seeks damages as to only Count I. The award herein disposes of the entire complaint, and Court II is deemed dismissed.

- 5 -